IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                        Case No. 4:15-cr-00221-05 KGB

RONNIE DON BRISTER                                                                            DEFENDANT

**ORDER**

Defendant Ronnie Don Brister has filed two *pro se* motions for early termination of supervised release (Dkt. Nos. 153; 161). The government has responded in opposition (Dkt. Nos. 159; 164).

Mr. Brister plead guilty to a charge of conspiracy to possess with intent to distribute and to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. § 846 (Dkt. No. 126–27). On December 20, 2017, the Court sentenced Mr. Brister to 120 months of imprisonment, five years of supervised release, and a $100 special assessment (Dkt. No. 146–47). The United States Probation Office reports that Mr. Brister started his supervision on February 14, 2023.

In support of his motions, Mr. Brister claims that he has completed at least 12 months of supervision, maintained employment, reunited with family, and been in compliance with the terms of his supervised release (Dkt. Nos. 153, at 1; 161, at 1–2). Mr. Brister also states that he has a job that would include travel and relocation available to him (Dkt. No. 161, at 1–2). In response, the government argues that Mr. Brister has not set forth any new or exceptional circumstances to justify early termination of supervised release (Dkt. Nos. 159, at 2–3; 164, at 2).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the specific, enumerated factors of 18 U.S.C. § 3553(a) that the Court is permitted to consider, the Court

concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As he has served more than one year of supervised release, Mr. Brister is eligible for early termination of the remainder of his supervised release under 18 U.S.C. § 3583(e). The Court acknowledges that Mr. Brister has complied with his conditions of supervised release. However, Mr. Brister does not provide any reason why early termination of his supervised release would serve the interests of justice.

Mere compliance with the terms of supervised release does not justify early termination because compliance is expected. Without more, and based on the facts of this particular case, early termination cannot be justified. While Mr. Brister has made progress on completing the terms of his sentence, he has not made substantial progress such that the interests of justice support early termination. Therefore, this Court denies without prejudice Mr. Brister's motions for early termination of supervised release (Dkt. Nos. 153; 161).

It is so ordered this 19th day of May, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge